UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHU CHINSAMI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SILBAUGH, et al.,<br><br>　　　　　Defendants. | No.  2:12-cv-02202 DAD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915.  Plaintiff has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c).  See Doc. No. 4.

**I. Application to Proceed In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.  Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**III. Plaintiff's Complaint**

In his complaint plaintiff alleges that, without his permission, a "computer programer [sic] eye lens" has been surgically implanted on his right eye so that research can be conducted and plaintiff can be kept under surveillance. (ECF No. 1 at 3.) Plaintiff also alleges that for the past 22 years, his letters to his attorney and his inmate appeals have been confiscated. Plaintiff names as defendants: Dr. Silbaugh, the Chief Psychologist at the California Medical Facility (CMF), Lori Austin, the Chief Executive Officer at CMF, Senior Psychologist Dr. Houston, and Appeals Review C. Hickerson. Plaintiff filed an inmate appeal concerning the illegally implanted computer lens in his right eye. Defendant Houston interviewed plaintiff at the first level review and defendant Silbaugh denied the appeal. (Id. at 15-16.) Defendant Hickerson reviewed the second level appeal and defendant Austin issued the decision denying that appeal. (Id. at 18.)

In terms of relief, plaintiff seeks removal of the "special effect eye lens," $220 in canteen allowance per month, and a "$200.00 quarterly package" until plaintiff is released from custody. (Id. at 3.)

**IV. Analysis**

All or part of a complaint filed by a prisoner may be dismissed sua sponte if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). See Denton v. Hernandez, 504 U.S. 25, 32 (1992); Neitzke, 490 U.S. at 327-28 (in forma pauperis statute accords judges the authority to dismiss those claims whose factual contentions are clearly baseless, such as those "describing fantastic or delusional scenarios"); Warren v. Bush, Case No. 1:08-cv-00376 RLH LRL, 2008 WL 3876885, at *2 (D. Nev. Aug. 18, 2008) (screening a prisoner's complaint and recommending dismissal based upon finding that the "allegations are fantastic, delusional, irrational, and frivolous").

Here, plaintiff's claims concerning an implant on his eye for research purposes and to keep him under surveillance are frivolous and delusional. Contrary to plaintiff's contention, his

3

attached medical records do not support his claim. Therefore, the court finds that plaintiff's claims concerning his lens implant fail to state a cognizable claim.

As to plaintiff's claim that letters to his attorney and inmate appeals have been confiscated for the past twenty-two years, the court again finds that plaintiff has not stated a cognizable claim.[1] In order to state a cognizable First Amendment claim based upon denial of access to the courts, plaintiff must allege facts demonstrating an "actual injury," such as dismissal of a case, to state a cognizable claim. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). Although plaintiff has alleged an abuse of his mail and inmate appeals for more than two decades, there are no allegations in his complaint that plaintiff suffered any actual injury as a result thereof. In addition, it appears that plaintiff has not exhausted his administrative remedies with respect to such a claim. In the administrative decision rendered by prison officials at the second level of review it was noted that although plaintiff was raising several issues, only his claim concerning the implanted eye lens was being addressed because that was the sole issue raised in his original inmate appeal. (ECF No. 1 at 15.) Plaintiff may not proceed on a First Amendment claim if at the time this action was filed he had not exhausted administrative remedies with respect to such a claim. See 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

**V.  Request for Appointment of Counsel**

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

---

[1] The undersigned also finds plaintiff's allegation that for the past 22 years, his letters to his attorney and his inmate appeals have been confiscated by prison officials to be fantastic or delusional and therefore frivolous as well.

4

Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

**VI. Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 23, 2012 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. This action is dismissed due to plaintiff's failure to state a cognizable claim.

4. Plaintiff's January 29, 2013 request for the appointment of counsel (ECF No. 9) is denied.

Dated: July 19, 2013

*[signature: Dale A. Drozd]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
chin2202.56